REQUESTED BY: Robert C. Vondrasek, Judge, on behalf of Fred J. Montag, Presiding Judge, Municipal Court of Omaha
1. Are witness fees payable to privately employed security guards when they are summoned to testify as a witness on behalf of the State of Nebraska in a criminal prosecution?
1. Yes, the plain language of LB 703 prohibits payment of witness fees to privately employed security guards only when called as a witness by their employer.
LB 703 prohibits the payment of any witness fee, attendance fee, or mileage fee `when any privately employed security guard is called as a witness by his or her employer' in court proceedings connected with their official duties. The language of the bill plainly expresses an intent to prohibit payment of such fees to privately employed security guards only when they are called as a witness by their employer to testify in court proceedings. When privately employed security guards are called as witnesses on behalf of the State in a criminal prosecution, they are not being called to testify by their employer.
An examination of the legislative history of LB 703 reveals the Legislature's intent was to prohibit the receipt of witness fees by security guards called to testify in criminal cases concerning matters connected with their official duties. The purpose of the bill was to prohibit security guards called as witnesses in criminal cases, who are paid by their employers for the time spent when they are called to testify, from receiving additional compensation in the form of witness fees. See, LB 703 (1984), Transcript of Judiciary Committee Hearing of January 18, 1984, pp. 1-2, 6-7; LB 703 (1984), Transcript of Floor Debate, February 3, 1984, pp. 7444-7445.
A fundamental rule of statutory construction provides `where the words of a statute are plain, direct, and unambiguous, no interpretation is needed to ascertain the meaning.'Douglas County v. Board of Regents of the Universityof Nebraska, 210 Neb. 573, 316 N.W.2d 62 (1982). Furthermore, `in the construction of a statute which is clear and unambiguous, courts cannot supply missing language, and it is not within the court's power to read into a statute meaning which the clear language does not warrant.' KelloggCompany v. Herrington, 216 Neb. 138, 343 N.W.2d 326 (1984).
Although the legislative history of LB 703 indicates an intent to prohibit security guards from receiving witness fees when they are called to testify in criminal cases, the plain and unambiguous language of the bill expresses an intent to prohibit the payment of witness fees to privately employed security guards only when they are called as a witness by their employer in court proceedings. It is therefore our opinion that LB 703 does not prohibit the payment of witness fees to privately employed security guards called to testify by the State of Nebraska in criminal prosecutions.
Very truly yours,
PAUL L. DOUGLAS Attorney General
L. Jay Bartel Assistant Attorney General
APPROVED:
Paul L. Douglas Attorney General